## CIRCUIT COURT OF THE CITY OF RICHMOND

Bradford B. Specter

    v.

Hartford Fire Insurance Co.

February 8, 1980

Case No. B-525

By JUDGE JAMES EDWARD SHEFFIELD

This law suit for recovery of damages under a fire casualty policy is before the Court upon the plaintiff's Request For Production Of Documents and the defendant's refusal to produce. Plaintiff has requested:

2) Any documents, memoranda, reports, opinions (including attorney opinions) or writings whatsoever which refer to the defendant's responsibility to pay the plaintiff any monies pursuant to the insurance policy numbered 14 CF 159395, and resulting from the fire at 112 West Marshall Street, Richmond, Virginia on May 13, 1977.

The defendant has refused responding as follows, in pertinent part:

2. All of the known documents meeting this description in defendant's possession are the privileged opinions of defendant's counsel which we decline to produce.

Supreme Court Rule 4:1(b)(3) provides that a party may obtain discovery of documents and tangible

things prepared in anticipation of litigation or for trial by or for another party's representative (including his attorney), only upon a showing of two things: (1) that the party seeking discovery has substantial need of the materials in the preparation of his case, and; (2) that the party seeking discovery is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

However, Rule 4:1(b)(3) further provides that mental impressions, conclusions and opinions or legal theories of an attorney cannot be disclosed for it states, in pertinent part, " . . . in ordering that such materials be furnished, . . . the Court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation".

Thus, even where materials prepared for trial are discoverable, legal opinions of counsel are not.

In order that the Court could determine whether the requested documents contain the mental impressions, conclusions, opinions or legal theories of counsel for the defendant concerning the instant litigation, it was necessary that the defendant forward to the Court, under seal for an in camera review by the Court, all of the documents that the defendant has in its possession or has access to which meet the category described by the plaintiff in paragraph 2 of its Request For Production of Documents, which the defendant claimed were privileged.

I have examined the documents presented and find that none of them include conclusions of defendant's counsel and are therefore discoverable.

Prior to the release of the documents, I will permit counsel for the defendant to be heard in an expedited hearing.